*State v. Atlantic Richfield Company*, No. 340-6-14 Wncv (Teachout, J., May 22, 2015)

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 340-6-14 Wncv** |

**STATE OF VERMONT,**
**Plaintiff**

**v.**

**ATLANTIC RICHFIELD COMPANY, et al.**
**Defendants**


### DECISION
### The State of Vermont's Motion to Permit Interlocutory Appeal

This matter is before the Court on a Motion for Permission to take an Interlocutory Appeal to the Vermont Supreme Court filed February 2, 2015 by The State of Vermont. Defendants Exxon Mobil Corporation, ExxonMobil Oil Corporation, and Mobil Corporation oppose the motion.

### Background

This action relates to contamination of Vermont waters by methyl tertiary butyl ether ("MTBE"), a gasoline additive.  The State filed this action against 29 co-defendants, all of whom allegedly participated in the promotion, marketing, distribution, and sale of gasoline containing MTBE in Vermont.  The State seeks remediation and recovery costs under a number of legal theories, including the violation of Vermont groundwater and natural resource protection statutes, negligence, strict products liability, public and private nuisance, trespass, and civil conspiracy.

Neither Exxon nor any other defendant filed an Answer.  Rather, Exxon filed, and other Defendants joined, a Motion to Dismiss for failure to state a claim upon which relief can be granted, pursuant to V.R.C.P. 12(b)(6).  In their Motion to Dismiss, Defendants argued that the State's complaint is time barred by the six-year statute of limitations for civil actions, 12 V.S.A. § 511.  The Court granted Exxon's Motion as to the State's claim of generalized injury to the State's groundwater statewide.  The Court did not dismiss the entire case, however.  Because the State argued that some portions of its case were not time-barred by the statute of limitations, the ruling provided an opportunity for the State to amend its Complaint to include identification of injuries it claims it discovered within the limitations period.

The State now seeks permission to take an interlocutory appeal of the Court's decision on three grounds.  First, the State seeks interlocutory review of the Court's determination that 12 V.S.A. § 412 does not eliminate the statute of limitations for any action related to groundwater as

a public trust resource. Second, the State seeks review of the Court's determination that 10 V.S.A. § 1390, as amended effective June 2008, did not create a new cause of action that began to accrue with the limitations period. Finally, the State seeks review of the Court's ruling allowing the State to amend its complaint to include statements of time and place for injuries newly discovered within the six-year limitations period.

The Court concluded in its January 16, 2015 Decision on Exxon's Motion to Dismiss that the State's alleged general injuries to Vermont's groundwater were time barred under the six-year statute of limitations contained in 12 V.S.A. § 511. The Court rejected the State's argument that 12 V.S.A. § 412 eliminated the statute of limitations for all actions premised on an injury to groundwater, a public trust resource held by the State. The Court found no legal precedent for such a broad reading of § 412 and concluded that the interpretation urged by the State was contrary to established precedent and the language of the statute.

The State also sought to avoid the six-year statute of limitations based on an enactment of a statute which the State argued created a new cause of action. The Court rejected this argument, concluding that 10 V.S.A. § 1390 did not create a new cause of action unavailable to the State prior to 2008, and that the change in law cannot enlarge the statute of limitations period if the injuries alleged occurred and were known to the State outside the limitations period.

Based on these two rulings, the Court determined that the State's Complaint alleged injuries that occurred outside the allowable statute of limitations period. The Court concluded, however, that to the extent the Complaint alleged injuries newly discovered within the past six years that were not reasonably discoverable before then, the State had alleged valid causes of action. The Court established a deadline for the State to amend its complaint to include averments of time and place pursuant to V.R.C.P. 9(f) sufficient to put the Defendants and the Court on notice as to when and where these injuries were discovered in relation to the statute of limitations. Defendants sought dismissal on statute of limitations grounds. The use of MTBE was banned in Vermont before the statute of limitations period. Plaintiffs thus have an opportunity to avoid dismissal on statute of limitations grounds.

The State argues that it should be allowed to take an interlocutory appeal to the Vermont Supreme Court on all three of these legal issues pursuant to Vermont Rule of Appellate Procedure 5(b).

## Analysis

Rule 5 of the Vermont Rules of Appellate Procedure governs appeals before final judgment. Pursuant to Rule 5(b), a party is entitled to permission to appeal an interlocutory order only where the Court concludes the order is controlling, there exists substantial grounds for difference of opinion regarding the question of law resolved by the order, and resolution of the question through interlocutory appeal will materially advance the termination of the litigation. V.R.A.P. 5(b)(1); *In re Pyramid Co. of Burlington*, 141 Vt. 294, 301 (1982).

First, "an order may be 'controlling' if reversal would have a substantial impact on the litigation, either by saving substantial litigation time, or by significantly narrowing the range of

2

issues, claims, or defenses at trial." *Pyramid Co. of Burlington*, 141 Vt. at 303. In this matter the State seeks an exemption from the six-year statute of limitations. The Court's rejection of this approach and dismissal of a large portion of the complaint considerably narrowed the scope of the case. Reversal on this issue would have a substantial impact on this litigation as the matter would likely require additional discovery and trial time to resolve the claims that the Court determined were time-barred. This case is likely to require a significant amount of time to litigate and the risk of having to re-litigate a large portion of the State's case, if the statute of limitations determination were reversed, is sufficient to make the order "controlling."

There exists substantial ground for difference of opinion regarding an issue if "a reasonable appellate judge could vote for reversal of the challenged order." *Id*. at 307. The State's argument that 12 V.S.A. § 462 eliminates any statute of limitations for injuries to groundwater as a public trust resources is novel. While the Court disagrees that the 1918 Vermont Supreme Court decision in *Hazen v. Perkins*, 92 Vt. 414 (1918), has such an effect, the Court cannot say that a reasonable appellate judge could not be persuaded by the State's argument. The law governing how groundwater as a public trust is treated in Vermont has yet to be established. It is possible that a reasonable appellate judge could conclude that § 462 can be fairly read to apply to public trust groundwater resources.

Finally, "[a]n interlocutory appeal is proper only if it may advance the *ultimate* termination of a case." *Pyramid Co. of Burlington*, 141 Vt. at 305. Here, given the degree of the injuries alleged by the State, the cost and complexity of necessary discovery, and the likelihood of an appeal on this important predicate issue, a definitive determination of the scope of the case sooner rather than later will advance the ultimate termination of the case. The preliminary legal issue concerning the applicability of the statute of limitations is best resolved at this time before the expenditure of significant resources by the parties and the Court.

The same reasoning applies with respect to the State's claim that the enactment of 10 V.S.A. § 1390 within the statute of limitations period created a new cause of action that did not previously exist, and therefore is not time-barred by the statute of limitations as this case was filed within six years of the enactment. Resolution of this issue is certainly controlling for the same reasons that the first claim is controlling. Moreover, this Court cannot conclude that a reasonable appellate judge could not find the argument compelling. Because this issue is highly likely to be appealed and it affects the scope of this discovery and litigation of the case, early resolution of the legal issue will materially advance the ultimate termination of the litigation.

The State also seeks interlocutory appeal on the ruling that the State may avoid dismissal of the entire case by filing an amended complaint within a specified time that avers time and place pursuant to V.R.C.P. 9(f) so that the applicability of the statute of limitations can be addressed with respect to alleged injuries. This was a discretionary procedural ruling that has no impact on any controlling legal issue or standard. The required elements for an interlocutory appeal are not met with respect to this ruling, and permission is not granted for an interlocutory appeal on this issue.

3

## Conclusion

This Court's ruling dismissing the State's complaint based on the statute of limitations based on the rejection of two separate grounds argued by the State presents two controlling questions of law over which there exists substantial grounds for difference of opinion. Proceeding to trial on the State's significantly narrowed complaint could result in the re-litigation of those claims that the Court has dismissed, which may result in a waste of both the Court's and the parties resources. An interlocutory appeal on these issues therefore will advance the ultimate termination of the case. That is not the case with respect to the Court's procedural ruling allowing an extended period of time to amend the complaint.

## Order

For the forgoing reasons, the State of Vermont's Motion for Permission to take an Interlocutory Appeal is *granted* with respect to the statute of limitations issues based on 12 V.S.A. § 462 and on 10 V.S.A. § 1390 arguments, and *denied* with respect to the issue of additional time to file a complaint that includes averments as to time and place.

Dated at Montpelier, Vermont this _____ day of May 2015.


_____
Mary Miles Teachout
Superior Judge